**ELIAS Z. SHAMIEH** (IN. SBN #14339-49)
Attorney at Law
**DINA M. SOKHN** (SBN #233516)
Attorney at Law
703 Market Street, Suite 1700
San Francisco, CA 94103
Phone: (415)777-0700
Facsimile: (415)543-0891

Attorneys for Plaintiff
**KAMAL DAYEKH**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KAMAL DAYEKH** <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT MUELLER III**, Director, Federal Bureau of Investigation ("FBI"); **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security ("DHS); **EMILIO GONZALES**, Director, U.S.Citizenship and Immigration Services (USCIS); **DAVID N. STILL**, District Director, USCIS; **FRANCIS D. SICILIANO,** San Jose Field Office Director, USCIS, <br><br> Defendants. | Civil Action No.: C 07-5464 RS <br><br> **PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT** |

## I. INTRODUCTION

Plaintiff's naturalization application (hereinafter "the application or "N-400") was filed with the USCIS on or about April 2, 2004. Plaintiff was interviewed by an officer at the USCIS San Jose Field Office on December 7, 2004 and successfully passed the English language and United States history and government tests. Approximately three years after the interview, plaintiff still awaits the decision on his application. The application is pending because the FBI has not

C 07-5464 RS
Plaintiff's Motion for Summary Judgment

completed the required name check of the plaintiff. On October 26, 2007, plaintiff filed a mandamus action, seeking to compel the defendants to adjudicate the N-400 application. The defendants have failed to carry out the adjudicative and administrative functions delegated to them by law and regulation. Further, the defendants have violated the Administrative Procedures Act, ("APA") by unlawfully and unreasonably delaying action on plaintiff's naturalization application. Plaintiff is entitled to a writ of mandamus to compel the USCIS to adjudicate the application immediately pursuant to 28 U.S.C. §1361.

## II. SUMMARY JUDGEMENT METHODOLOGY

This Court shall grant summary judgment when it finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Nunes v. Wal-mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

## III.    ARGUMENT

**Plaintiff has a clear right to relief as the Defendants violated their statutory duty to adjudicate his N-400 application within 120 days of his naturalization interview pursuant to the Immigration and Nationality Act ("INA) §336(b).**

The INA requires the government to make a determination on naturalization applications within 120 days of the interview. INA §336(b). Thus, the government has a nondiscretionary duty to adjudicate the application. Plaintiff successfully completed his naturalization interview on December 7, 2004. However, USCIS failed to adjudicate his application within 120 days of his interview due to a pending security name check by the FBI. Over three years have passed since plaintiff's interview and USCIS has still not adjudicated the application. Defendants have violated their statutory duty to adjudicate this application in a timely manner.

Even if the government has a nondiscretionary duty to adjudicate an application, as is the case here, mandamus is appropriate if the government fails to act within a reasonable amount of time.

*See Kim v. Ashcroft*, 340 F. Supp. 2d 384 (S.D.N.Y. 2004). (noting that §555(b) of the APA requires the government to act within a reasonable amount of time. In light of the 120 day statutory deadline for adjudication imposed by INA §336(b), the defendants have certainly failed to act within a reasonable time as over three years have passed since the interview.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's respectfully ask this Court to grant the Plaintiff's motion for summary judgment.

Dated: January 16, 2008

Respectfully Submitted,

/s/

ELIAS Z. SHAMIEH

Attorney for Plaintiff

/s/

DINA M. SOKHN

Attorney for plaintiff
